### AMERICAN CHAIN CO., Inc., v. COX BRASS MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1924.)

No. 3780.

1. Patents ☞46—Validity dependent on greater utility over prior devices.

The validity of a patent, unless it is a design patent, must be determined by its greater utility over prior devices of like character.

2. Patents ☞19—No invention in making automobile bumper wider.

An automobile bumper, with enlarged central area, secured by off-setting the central portions of the impact bars, which were integral with the end parts and clamping them together, held not to provide additional utility over the prior double bar bumper, and, even if it involved invention, in that it combined the advantage of the single and the double bar, plaintiff's claim was not limited thereto, and it was therefore invalid.

3. Patents ☞328—No. 1,374,893, for automobile bumper, held invalid for want of invention.

Claims 6–11 of the Pancoast and Grotenhuis patent, No. 1,374,893, for automobile bumper with enlarged central portion, held invalid for want of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the American Chain Company, Inc., against the Cox Brass Manufacturing Company. From a decree of the District Court (292 Fed. 624), dismissing its bill, plaintiff appeals. Affirmed.

Frederick S. Duncan, of New York City, and Frederick P. Fish, of Boston, Mass. (James R. Offield, of Chicago, Ill., and Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellant.

Livingston Gifford, of New York City (Alan N. Mann, of New York City, and John C. Watson, of Albany, N. Y., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the validity, and, if valid, the infringement of claims 6 to 11, inclusive, of United States letters patent No. 1,374,893, issued April 12, 1921, to Pancoast and Grotenhuis. The District Court found all of these claims invalid for

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

want of invention and entered a decree dismissing the bill of complaint. 292 Fed. 624.

The patent in suit relates to bumpers of the type that are used on automobiles, either at the front or rear, to receive and absorb the shock of collision and to prevent damage to the vehicle. The object of the claimed invention is to provide a bumper of increased vertical width, so as to afford a greater degree of protection than the narrow width bumpers in common use, which, in case of collision, permit obstructions above or below the bumper to reach and damage the automobile.

The claims in issue are printed on the margin.[1]

The appellant's structure, known and designated as the Biflex bumper, that was introduced in evidence, which, it is claimed, exemplifies the patent in suit, comprises end sections adapted for connecting to the automobile, with a transverse impact bar, integral with the end sections, but offset from the end portions and an auxiliary bar of like material, size, and shape, offset in opposite direction from its ends and clamped to the end portions directly back of the offset of the impact bar integral with the end portions, thus providing, in the middle portion of the bumper, two parallel transverse bars spaced apart vertically, both being carried by the end sections as shown in the accompanying cut:

All the features and elements in the appellant's construction, with the single exception of this enlarged impact surface, are shown in the single bar bumper of Hoover, 1,191,306 (1916), Parradee, 1,247,142 (1917), and particularly in Lyon, 1,198,246 (1916). Nor is the concept of widening or enlarging the central portion of the impact surface new to the

6. A motor vehicle bumper, comprising an impact member provided with end sections adapted to be attached to the vehicle and an intermediate impact section of increased area near the middle of the impact member.

7. A motor vehicle bumper, comprising an impact member provided with end sections adapted for connecting the impact member to the vehicle and provided intermediate said ends, with a vertically offset portion.

8. A bumper for motor vehicle, comprising a transverse impact bar having end sections adapted for connecting the bar to the vehicle and having intermediate its ends vertically spaced portions, one of said portions being offset from the end portions of said bar.

9. A motor vehicle bumper, comprising an impact section consisting of parallel members spaced apart vertically near the middle of the bumper, and provided with narrower end sections adapted for attachment to the vehicle frame.

10. A motor vehicle bumper, comprising end sections adapted to be attached to the vehicle frame, and an intermediate impact section consisting of parallel members spaced apart vertically and connected with said end sections.

11. A motor vehicle bumper, comprising end sections, adapted to be attached to the vehicle frame, and an intermediate impact section extending between said end sections, and consisting of parallel members spaced apart vertically in position above and below said end sections.

art. Welton, 863,124 (1907), discloses a transverse bar "quite large at its central portion and tapering towards its ends." Skrzydlewski (French patent 1913) also discloses an enlarged central portion of the impact surface. But, if these two patents be disregarded as not pertinent, McGregor, 908,025 (1908), discloses a double bar bumper made of tubular bars vertically spaced, thereby enlarging the impact surface, not only in the central part, but for the entire width of the car.

Tossell in his application filed December, 1918, discloses the same idea in language substantially the same as found in the application of Pancoast and Grotenhuis, filed in June of 1919. Evidence was offered, however, upon the part of the appellant tending to prove that the Pancoast and Grotenhuis invention antedated the filing of the Tossell application, and for this reason the District Court did not include Tossell in the prior art, but there being no evidence tending to prove that Tossell, when he filed his application, had any knowledge whatever of the claimed invention of Pancoast and Grotenhuis, did consider the Tossell application, in so far as it affects the question of invention. The District Court for the same reason gave like consideration to the Cox application, upon which a patent was later issued, and which is now the property of the defendant-appellee. Rowan, 1,071,586 (1913), also discloses an enlarged contact surface, not only at the center, but to the sides or ends of the bumper.

There were a number of other patents introduced in evidence, but it is unnecessary to discuss them in detail. It is sufficient to say that the concept of widening the impact surface of the single bar bumper of Lyon, Hoover, Paradee, and others did not originate with Pancoast and Grotenhuis, nor did it involve invention to take the existing single bar bumper and merely widen its central portion, either by fastening to it a framework of horizontal bars or other suitable form, or by substituting such widened part for the removed central portion of the single bar. If, therefore, the Pancoast and Grotenhuis concept involves any invention that invention, considered in its broadest aspect, must be limited to the method employed by them to accomplish this purpose. Any broad range of equivalents would necessarily include the prior patent art and negative invention.

[1, 2] It is insisted, however, that the device of the patent in suit met with the immediate favor of the public, that the validity of the patent was widely recognized by practical men familiar with the art, and that these facts are pregnant evidence of novelty, value, and usefulness. Whether this public favor and wide recognition were due to the increased utility of the Biflex bumper over prior devices of like character, or to its attractiveness, does not clearly appear by the evidence. Sparks-Withington Co. v. Jay (C. C. A.) 270 Fed. 449, 454. This is not a design patent, and therefore its validity must be determined by its added utility, if any. Schulte v. Colorado Tire & Rubber Co., 259 Fed. 562, 170 C. C. A. 524. Clearly it has utility over the single bar bumper, but as compared with the double bar bumper across the entire front of the car, or the enlarged impact surfaces in the center and the sides of the Rowen bumper, it affords no additional utility whatever in the accomplishment of the primary object and purpose :

of the claimed invention. For this reason it is clear that, if the Biflex bumper of Pancoast and Grotenhuis involved any invention whatever, it must be predicated upon the fact that it retains to some extent, and perhaps sufficiently to meet the need, the protection afforded by the double bar bumper, and unites this utility of the double bar bumper with the simplicity of construction and attachment of the single bar bumper with the continuous bar offset, but unbroken, and without joints or bolts or bolt holes from end to end; the auxiliary bar being clamped parallel thereto and vertically spaced therefrom as heretofore stated.

This form of construction may perhaps present elements of advantage—strength, permanency, etc.—over a bar of parts bolted together; but, if it were conceded that in this respect appellant's structure involves invention, nevertheless the claims in suit are not clearly limited to such specific construction, and, if construed as broadly as they are written, would, in view of the prior art, be invalid. Claim 8 is perhaps the most limited, but it is not confined to the specific construction above described. As it reads, it is not infringed by vertically spaced bars, each offset from one of the end portions and bolted to the opposite end portions. If given a broader construction, it reaches the prior art in obvious equivalents.

[3] For the reasons stated, the decree of the District Court, finding that claims 6 to 11, inclusive, of the patent in suit, are invalid for want of invention, and dismissing the bill of complaint, at plaintiff's cost, is affirmed.